UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAWAL DEWIDAR,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION, et al.,<br><br>Defendants. | Case No.: 17cv62-CAB(RBB)<br><br>**ORDER GRANTING DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S MOTION TO COMPEL AND REQUEST FOR SANCTIONS [ECF NO. 29].** |

On November 22, 2017, Defendant National Railroad Passenger Corporation ("Amtrak") filed a Motion to Compel Plaintiff Nawal Dewidar to Appear for a Deposition, Provide Responses to Propounded Discovery, and Produce Documents that were the Subject of a Prior Agreement (the "Motion to Compel") [ECF No. 29]. In the motion, Amtrak also asks the Court to impose monetary sanctions on Plaintiff. On November 28, 2017, the Court issued a briefing schedule setting December 13, 2017, as the deadline for Plaintiff to oppose Defendant's motion, and December 20, 2017, as the deadline for Defendant to file its reply [ECF No. 30]. Plaintiff did not file an opposition to Defendant's Motion to Compel. On December 20, 2017, Amtrak timely filed its reply

[ECF No. 33]. For the reasons discussed below, Defendant's Motion to Compel and its request for sanctions [ECF No. 29] are **GRANTED**.

## I. FACTUAL BACKGROUND

Plaintiff Nawal Dewidar alleges that on January 12, 2016, she boarded an Amtrak Pacific Surfliner train in San Diego heading to Oceanside. (Compl. 2-3, ECF No. 1.) Dewidar contends that she is a "Muslim woman of Egyptian descent"; and that she was "accompanied by three female companions of similar age, ethnicity, and appearance" during her January 12, 2016 train trip. (Id. at 3.) Plaintiff claims she and her companions inadvertently boarded the wrong train because they held "Coaster" tickets instead of "Amtrak Surfliner" tickets. (Id. at 2, 4.) She maintains that "based on her religion, ethnicity, use of the Arabic language, and appearance," Amtrak employees refused to sell her a ticket on board the train, and she was forced to deboard. (Id. at 5; see also id. at 2.) Dewidar states that as a "result of the male Amtrak employee's conduct" toward her, including "unwanted psychical contact at the top of the stairs, [she] fell down the stairs to the first floor of the train" and injured her foot, ankle, shoulder, and back. (Id. at 6.) Plaintiff alleges causes of action for discrimination and hate crimes, negligence, negligent training and supervision, battery, and international infliction of emotion distress; she seeks general, compensatory, and punitive damages, civil penalties, attorneys' fees, and costs of suit. (Id. at 7-11.)

## II. PROCEDURAL BACKGROUND

On April 24, 2017, the Court issued a scheduling order, setting October 16, 2017, as the deadline for the completion of fact discovery, and February 5, 2018, as the expert discovery deadline. (Scheduling Order 3-4, ECF No. 11.) On July 5, 2017, Defendant filed a Motion to Compel Plaintiff Nawal Dewidar to Produce all Documents Responsive to Requests for Production Nos. 19 and 20. (Mot. Compel, ECF No. 15.) Amtrak sought the production of Plaintiff's photographs taken during the trip at issue in this lawsuit and her social media data. (Id. at 2.) On July 13, 2017, the Court held a discovery conference and issued a minute order stating that "[f]or the reasons discussed during the

conference, [it was] not prepared to rule" on Defendant's motion to compel, and denied the motion without prejudice. (Mins. 1, July 13, 2017, ECF No. 18.) The Court ordered the parties to meet and confer regarding the disputed requests for production, and required Amtrak to file a motion to compel by July 26, 2017, if the dispute could not be resolved. (Id.) Defendant did not file a motion to compel by the deadline.

On August 30, 2017, the parties filed a joint motion to amend the Court's Scheduling Order. (J. Mot. Am. Scheduling Order, ECF No. 22.) In support of the motion, the parties alleged that Plaintiff agreed to produce her social media files and photographs, which were the subject of the parties' discovery conference with the Court; Plaintiff's international travel precluded her deposition and production of outstanding discovery; and Plaintiff's counsel was moving to withdraw from the case. (Id. at 1-2.) The Court granted the joint motion and continued all remaining dates by approximately three months [ECF No. 24].

On the same date, August 30, 2017, Plaintiff's counsel moved to withdraw from the case. (Mot. Withdraw as Counsel of R., ECF No. 21, see also id. Attach. #2 Decl. Scott 1 (stating the following: "[i]rreconcilable differences have arisen between Plaintiff and undersigned counsel as the litigation of this case has unfolded that require counsel's withdrawal from this case.").) United States District Judge Cathy A. Bencivengo granted the motion to withdraw, and set September 29, 2017, as the deadline for Plaintiff to retain new counsel [ECF No. 25]. On September 28, 2017, Plaintiff constructively filed a motion for extension of time to find new counsel, which was filed on the docket on October 2, 2017 [ECF No. 27]. District Judge Bencivengo granted Dewidar's motion on October 10, 2017, but required the case to "proceed in the interim in accordance with the Amended Scheduling Order[.]" (Mins. 1, Oct. 10, 2017, ECF No. 28.) Judge Bencivengo also noted a discrepancy between Plaintiff's address listed in her motion and the address listed on the docket, and ordered Plaintiff to contact the Clerk's Office to confirm her address. (Id.)

Defendant Amtrak filed this Motion to Compel on November 22, 2017 [ECF No. 29]. On November 29, 2017, Amtrak filed an Ex Parte Motion to Dismiss for Failure to Prosecute or Alternatively to Continue the Discovery Deadlines [ECF No. 31]. District Judge Bencivengo issued a minute order on December 1, 2017, vacating all deadlines in the Amended Scheduling Order and stating that Defendant's "Motion to Dismiss will be considered after the January 3, 2018 hearing,[1] at which point the Court will set a briefing schedule if it deems one necessary." (Mins. 1, Dec. 1, 2017, ECF No. 32.)

### III. LEGAL STANDARDS

#### A. Motion to Compel

A party may obtain discovery regarding any nonprivileged matter that is relevant to any claim or defense and proportional to the needs of the case, "considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevant information need not be admissible at trial to be discoverable. Id. Relevance is construed broadly to include any matter that bears on, or reasonably could lead to other matters that could bear on, any issue that may be in the case. See Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 350-51 (1978) (footnote and citation omitted)). District courts have broad discretion to determine relevancy for discovery purposes and to limit the scope of discovery. See Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002); see also Fed. R. Civ. P. 26(b)(2)(C) (allowing courts to limit discovery where it would be unreasonably cumulative or duplicative, or can be obtained from a more convenient, less burdensome, or less expensive alternate source; the requesting party has had ample opportunity to obtain discovery; or the discovery sought is beyond the scope of Rule 26(b)(1)).

---

[1] This Court set January 3, 2018, as a hearing date of on Amtrak's Motion to Compel. (Mins. 1, Nov. 28, 2017, ECF No. 30.)

Federal Rule of Civil Procedure 37 enables the propounding party to bring a motion to compel responses to discovery. Fed. R. Civ. P. 37(a)(3)(B). The party seeking to compel discovery has the burden of establishing that its request satisfies the relevance requirement of Rule 26 of the Federal Rules of Civil Procedure. Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal. 1995). The party opposing discovery bears the burden of resisting disclosure. See DIRECTV, Inc. v. Trone, 209 F.R.D. 455, 458 (C.D. Cal. 2002); Oakes v. Halvorsen Marine Ltd., 179 F.R.D. 281, 283 (C.D. Cal. 1998).

### B. Pro Se Litigants

"In general, pro se representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure." Hupp v. San Diego County, Civil No. 12cv0492 GPC (RBB), 2014 WL 1404510, at *2 (S.D. Cal. Apr. 10, 2014) (citing Ackra Direct Mktg. Corp. v. Fingerhut Corp., 86 F.3d 852, 856-57 (8th Cir. 1996)). Accordingly, parties who choose to represent themselves are expected to follow the rules of the court in which they litigate. Bias v. Moynihan, 508 F.3d 1212, 1223 (9th Cir. 2007) (quoting Carter v. Comm'r, 784 F.2d 1006, 1008-09 (9th Cir. 1986) ("Although pro se, [a litigant] is expected to abide by the rules of the court in which he litigates.")). "[W]hile pro se litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." Jourdan v. Jabe, 951 F.2d 108, 109 (6th Cir. 1991).

## IV. DISCUSSION

### A. Defendant's Motion to Compel

Defendant seeks an order compelling Plaintiff to (1) appear for a deposition, (2) provide copies of current downloads for all her social media files and photographs taken during the trip that gave rise to this lawsuit, and (3) provide addresses of the witnesses listed in her initial disclosures. (Mot. Compel 2-3, 7-8, ECF No. 29.) Amtrak asserts Dewidar has not appeared for two of her properly noticed depositions, did not provide any reasons for her failure to appear, and refused to communicate with defense

counsel regarding the taking of her deposition. (Id. at 7.) Defendant further contends that Plaintiff did not produce the photographs, social media files, and documents, which her former counsel agreed to produce; and did not respond to any communications from defense counsel. (Id. at 3, 8.) Amtrak also asks the Court to compel the production of addresses of potential witnesses identified in Dewidar's initial disclosures. (Id. at 8.) In its reply, Defendant argues that because Plaintiff did not oppose the Motion to Compel and "has not made any attempt" to communicate with Defendant, the Court should grant the motion in its entirety. (Def.'s Notice Non-Opp'n Mot. Compel 2, ECF No. 33 (citing S.D. Civ. L. R. 7.1(f)(3).)

Although Plaintiff was provided with an opportunity to oppose Defendant's Motion to Compel, she did not file an opposition to the motion. The Court notes that on January 2, 2018, Plaintiff submitted a doctor's note that has been filed as an "Ex Parte Application to be Excused from Attending the January 3, 2018 Hearing" [ECF No. 35], which the Court granted [ECF No. 36]. Dewidar's submission shows that she had notice of the Court's order setting the briefing schedule and hearing on Defendant's Motion to Compel. Under Civil Local Rule 7.1(f)(3)(c), the Court has discretion to deem Dewidar's failure to oppose Amtrak's motion as "consent to the granting of the motion" and to grant the motion as unopposed. See S.D. Civ. L. R. 7.1(f)(3)(c) ("If an opposing party fails to file the papers in the manner required by Civil Local Rule 7.1.e.2, that failure may constitute a consent to the granting of a motion or other request for ruling by the court."). Although the Court may grant Defendant's motion as unopposed, as discussed below, Defendant prevails on the merits, and the Court **GRANTS** the Motion to Compel on that basis.

1. **Plaintiff's deposition**

On August 14, 2017, Amtrak noticed Dewidar's deposition for September 6, 2017, at 10:00 a.m., at the Sims Law Firm, LLP's office in Irvine, California. (Mot. Compel Attach. #1 Decl. Mounedji 4, ECF No. 29; id. at 34-35.) Defendant did not proceed with the deposition "due to the pending motion to withdraw from plaintiff's counsel." (Mot.

Compel 4, ECF No. 29.) On October 11, 2017, Defendant Amtrak served Plaintiff with a Second Notice of Deposition setting the deposition for November 2, 2017, at 10:00 a.m., at the Sims Law Firm, LLP's office in Irvine, California. (Id. Attach. #1, Decl. Mounedji 5; id. at 39-40.) The Notice of Deposition included a letter requesting Plaintiff to contact defense counsel to discuss outstanding discovery issues and deposition scheduling. (Mot. Compel Attach. #1 Decl. Mounedji 5, ECF No. 29; id. at 44-45.) The letter and the Notice of Deposition were sent to Plaintiff's address listed on the docket, as well as the address listed in Plaintiff's most recent filing. (Mot. Compel Attach. #1 Decl. Mounedji 5, ECF No. 29.) On October 30, 2017, defense counsel's assistant e-mailed Dewidar to confirm her appearance at the November 2, 2017 deposition, but Dewidar did not respond. (Id.; see also id. at 47.) On November 2, 2017, Plaintiff did not appear for her deposition. (Mot. Compel Attach. #1 Decl. Mounedji 5, ECF No. 29; see also id. at 49-54.)

Under Federal Rule of Civil Procedure 30(a)(1), "[a] party may, by oral questions, depose any person, including a party, without leave of court" by giving reasonable notice in writing "to every other party" in the action. Fed. R. Civ. P. 30(a)(1), (b)(1). The notice must "state the time and place of the deposition, and, if known, the deponent's name and address." Fed. R. Civ. P. 30(b)(1). "A party may unilaterally choose the place for deposing an opposing party, subject to the granting of a protective order by the Court pursuant to [Federal Rule of Civil procedure 26(c)(2)], designating a different place." Cadent Ltd. v. 3M Unitek Corp., 232 F.R.D. 625, 628 (C.D. Cal. 2005). A party's failure to appear at that party's deposition is not excused, "unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Paige v. Consumer Programs, Inc., 248 F.R.D. 272, 275 (C.D. Cal. 2008) (citing Fed. R. Civ. P. 37(d)(2)).

In this case, Defendant properly and timely served the notice for Plaintiff's November 2, 2017 deposition and repeatedly contacted Plaintiff to coordinate the scheduling of her deposition. (Mot. Compel Attach. #1 Decl. Mounedji 5, ECF No. 29; see also id. at 39-47.) Dewidar did not respond to any of Amtrak's counsel's

| | |
|---|---|
| 1 | communications. (Mot. Compel Attach. #1 Decl. Mounedji 5, ECF No. 29.) Plaintiff has |
| 2 | not moved for a protective order, and, as a party to this case who has not yet been |
| 3 | deposed, she has no basis for refusing to be deposed. See id., see also Fed. R. Civ. P. |
| 4 | 30(a)(1) (permitting a party to "depose any person, including a party") (emphasis added); |
| 5 | Meeks v. Nunez, CASE NO. 13cv973-GPC(BGS), 2016 WL 2586681, at *2 (S.D. Cal. |
| 6 | May 4, 2016) (citing Anderson v. Air West, Inc., 542 F.2d 1090, 1092-93 (9th Cir. |
| 7 | 1976)) ("A party is required to appear for a properly noticed deposition.")); O'Donnell v. |
| 8 | Chase Bank USA NA, Case No. EDCV 14-2074-JGB (KKx), 2015 WL 12655697, at *2- |
| 9 | 3 (C.D. Cal. May 1, 2015) (compelling plaintiffs' deposition; noting that "[p]laintiffs |
| 10 | have not gained a protective order and, as parties to this case, have no basis for refusing |
| 11 | to be deposed[]"). Accordingly, the Court **GRANTS** Defendant's Motion to Compel |
| 12 | Plaintiff's deposition. See O'Donnell, 2015 WL 12655697, at *2-3; see also Garvin v. |
| 13 | Tran, No. C07–01571 HRL, 2010 WL 5018489, at *1 (N.D. Cal. Dec. 3, 2010) |
| 14 | (compelling defendant's deposition, and stating that plaintiffs had the right to depose |
| 15 | defendant pursuant to Federal Rule of Civil Procedure 30(a)(1)). |

The deposition must occur on **January 26, 2018**, starting at **10:00 a.m.**, at the offices of Sims Law Firm, LLP, located at 19712 MacArthur Blvd., Suite 120, Irvine, CA 92612, or at some other date and time mutually agreed upon by the parties, but no later than **January 26, 2018**. Dewidar is **ORDERED** to appear for the deposition in person.

### 2. Photographs and social media

Defendant asks the Court to compel Plaintiff to provide "copies of current downloads for all her social media" files and photographs of the trip, which gave rise to this action. (Mot. Compel 2-3, ECF No. 29.) Amtrak asserts that Dewidar's former counsel, "Timothy Scott, confirmed in writing that he would disclose the social media documents and evidence that was the subject of the discovery dispute . . . ." (Id. at 5.) Defendant Amtrak contends it relied on this representation in good faith and did not seek the Court's intervention, but Dewidar did not produce the agreed-upon documents. (Id. at 8.)

8

17cv62-CAB(RBB)

On May 12, 2017, Defendant served Plaintiff with discovery requests, and Plaintiff served her responses on June 15, 2017. (Id. Attach. # 1 Decl. Mounedji at 3.) Amtrak concluded that the responses were insufficient, met and conferred with Dewidar's counsel, and the parties narrowed the scope of the dispute to requests for production nineteen and twenty, which sought the content of Plaintiff's social media files and photographs taken during the trip at issue in this lawsuit. (Id.; see also id. at 25.)

Shortly after the July 13, 2017 discovery conference with the Court, Plaintiff's former counsel e-mailed defense counsel, stating that "the writing is on the wall as to our discovery issue" and that he "reached out to [Plaintiff] so that we can supplement our disclosures with social media." (Mot. Compel Attach. #1 Decl. Mounedji 3, ECF No. 29; see also id. at 31-32.) During his telephonic conference with defense counsel on July 25, 2017, Plaintiff's attorney confirmed that Dewidar would produce the requested documents. (Mot. Compel Attach. #1 Decl. Mounedji 4, ECF No. 29.)

The evidence presented by Defendant establishes that the parties reached an agreement that Plaintiff would produce the disputed documents. The parties referenced this agreement in their August 30, 2017 joint motion to amend the Scheduling Order, and they represented to the Court that Plaintiff agreed to produce her social media communications and the photographs addressed during the parties' discovery conference with the Court. (See J. Mot. Am. Scheduling Order 1-3, ECF No. 22.)

Further, the requested documents are highly relevant to this suit. Defendant's request nineteen seeks "[a]ll your social media data, including but not limited to data stored or exchanged on Facebook, Twitter, Instagram, Snapchat, WhatsApp from January 12, 2015, to the present." (Mot. Compel Attach. #2, 30, ECF No. 15.) Amtrak's request number twenty asks for "[a]ll digital photographs, including digital photos and videos you took during your trip to San Diego, which gave rise to your lawsuit." (Id.) Plaintiff responded to both requests, stating, "Objection. Overbroad. [U]nduly burdensome. Privacy. Not relevant to the subject matter of this action nor to the discovery of admissible evidence. Defendants have the burden of establishing that the

information sought will lead to the discovery of admissible evidence and the information is relevant." (Id.)

"Objections to discovery requests cannot be conclusory. Proper objections 'show' or 'specifically detail' why the disputed discovery request is improper." Collins v. Landry's, Inc., Case No. 2:13-cv-01674-JCM-VCF, 2014 U.S. Dist. LEXIS 83003, at *8 (D. Nev. June 17, 2014) (citing Blankenship v. Hearst Corp., 519 F.2d 418, 429 (9th Cir. 1975)). "Boilerplate, generalized objections are inadequate and tantamount to making no objection at all." Id. at *6-7. Plaintiff Dewidar's objections to the requests are boilerplate, and the Court overrules them. See Rogers v. Giurbino, 288 F.R.D. 469, 480 (S.D. Cal. 2012) (overruling boilerplate objections). Additionally, the requested documents are directly relevant to Dewidar's allegation of a serious physical injury on January 12, 2016. Further, the scope of request number nineteen, from one year prior to the accident to the present day, represents a reasonable time period for Amtrak to gather information in support of its defense to Dewidar's claims of physical injury. See Fed. R. Civ. P. 26(b)(1).

For the reasons stated above, Defendant's Motion to Compel is **GRANTED**. Plaintiff is **ORDERED** to produce all documents responsive to requests for production numbers nineteen and twenty by **January 19, 2018.**

### 3. Witness addresses

Defendant seeks to compel the production of addresses of potential witnesses identified in Plaintiff's initial disclosures. (Mot. Compel 2-3, ECF No. 29.) Amtrak alleges that it requested the addresses, and Dewidar's former counsel agreed to provide them; however, Dewidar did not supplement her initial disclosures with the requested information. (Id. at 3, 8.) Defendant further claims that on August 14, 2017, it served an interrogatory seeking witness addresses, but Plaintiff did not provide any response. (See id. at 6.) Amtrak contends Plaintiff cannot credibly claim that she is unaware of the addressees of her personal friends whom she identified as witnesses in this lawsuit. (Id. at 8.) Defendant argues that Plaintiff was required to amend her initial disclosures to

provide the addresses of the witnesses, and to provide the addresses in response to Defendant's discovery requests. (Id.)

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, <u>the address</u> and telephone number of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses . . . ." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added); see also <u>Hill v. U.S. Dep't of Homeland Sec.</u>, 570 F. App'x 667, 669 (9th Cir. 2014). Rule 26(e)(1) further requires a party who has made an initial disclosure under Rule 26(a) or responded to an interrogatory to "supplement or correct its disclosure or response." Fed. R. Civ. P. 26(e)(1). It must do so "in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." <u>Id.</u> 26(e)(1)(A). The duty to disclose "is a continuing duty, and the disclosure must be supplemented if the party later learns of additional witnesses or responsive information." <u>Fourth Inv. LP v. United States</u>, No. 08cv110 BTM (BLM), 2010 WL 2196107, at *1 (S.D. Cal. June 1, 2010) (citing Fed. R. Civ. P. 26(e); <u>Hoffman v. Constr. Protective Servs., Inc.</u>, 541 F.3d 1175, 1179 (9th Cir. 2008)). Where "a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

On June 5, 2017, Dewidar served Amtrak with her initial disclosures. (Mot. Compel Attach. #1 Decl. Mounedji 2, ECF No. 29.) She identified Nadia Abdelghawad, Fatina Katila, and Nihad Shawkey as individuals who rode "the Amtrak train" with her on January 25, 2016, and witnessed the incident at issue in this lawsuit. (<u>Id.</u> at 9.) Plaintiff also listed Abeer Gaber, who "has known [her] for approximately twenty-nine years, is familiar with her injuries and convalescence[,]" and Laila Zamzam who "has known [her] for five years–pre-injury and post injury" and "observed [her] physical pain

11

and distress post injury." (Id. at 10.) Additionally, Dewidar's initial disclosures identified Samia Abdel Al and Salwa Abdel Al, as witnesses to her "post-injuries damages and convalescence." (Id.) Plaintiff provided phone numbers for all of those potential individuals, but did not provide their addresses. (See id. at 9-10.) Defense counsel requested witness addresses and Dewidar's former counsel "represented that he would provide [defense counsel] with contact information and/assist with getting the depositions set up." (See id. Attach. #1 Decl. Mounedji at 2-3.)

The potential witnesses identified in Dewidar's initial disclosures likely possess crucial information about Plaintiff's lawsuit and the extent of Dewidar's injuries and damages. Defendant repeatedly requested the addresses of those individuals during the parties' meet and confers and in subsequent discovery requests. (See id.) Neither Dewidar nor her former counsel represented that Dewidar did not possess, or could not obtain, the addresses of the identified potential witnesses. (See id.) On the contrary, Plaintiff's former counsel advised Defendant that he would provide the requested addresses. Dewidar failed to amend her initial disclosures by providing the addresses. She also did not provide the requested addressed in response to Amtrak's discovery requests. Further, Plaintiff's descriptions in her initial disclosures indicate that the individuals whose addresses Amtrak seeks are either her friends who traveled with her on the date of the incident; have known her for at least five years; or observed her "post injury" damages. (See id. at 9-10.) The Court therefore **GRANTS** Defendant's motion to compel and **ORDERS** Plaintiff to provide the addresses of Nadia Abdelghawad, Fatina Katila, Nihad Shawkey, Abeer Gaber, Laila Zamzam, Samia Abdel Al, and Salwa Abdel Al by **January 12, 2018**.

### B. Defendant's Request for Monetary Sanctions

Amtrak contends that Dewidar failed to appear for her deposition and to respond to any of its communications regarding the issue; it argues that Dewidar's conduct was unreasonable. (Mot. Compel 3, 9, ECF No. 29.) Defendant claims that as a result of Plaintiff's failure to attend her November 2, 2017 deposition, it incurred $346.40 in court

12

17cv62-CAB(RBB)

reporter service fees, and asks the Court to impose sanctions against Plaintiff in that amount. (Id.)

Federal Rule of Civil Procedure 37(d)(1)(A) permits a court to order sanctions when a party fails to appear for the party's property noticed deposition. Fed. R. Civ. P. 37(d)(1)(A); see also O'Donnell, 2015 WL 12655697, at *2 (stating that a party's failure to attend his deposition without first obtaining a protective order will subject that party to sanctions under Federal Rule of Civil Procedure 37(d)). Rule 37(d) further provides that the failure to attend the deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Instead of or in addition to the sanctions listed in Rule 37(b)(2)(A)(i)-(vi), the court "must require the party failing to act . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 36(d)(3); see also Bedwell v. Fish & Richardson P.C., Case No. 07-CV-0065-WQH (JMA), 2009 WL 10671331, at *2–3 (S.D. Cal. Mar. 30, 2009).

Dewidar's failure to appear at her properly noticed deposition on November 2, 2017, was not "substantially justified," and Plaintiff failed to file a motion for a protective order under Rule 26(c) before her deposition. Further, the evidence submitted by Amtrak establishes that it repeatedly attempted to schedule Plaintiff's deposition, but Plaintiff no longer communicated with Defense counsel. (See Mot. Compel Attach. #1 Decl. Mounedji 4, ECF No. 29; id. at 44-53.) Therefore there are no circumstances making "an award of expenses unjust" in this case. See Fed. R. Civ. P. 36(d)(3). The $346.40 that Amtrak seeks in monetary sanctions represent its expenses for court reporter services on the date of Plaintiff's scheduled deposition. (See Mot. Compel 9, ECF No. 29; see also id. at 56-57.) The Court finds that the amount is reasonable and **ORDERS** Dewidar to pay Amtrak $346.40 in sanctions by **February 2, 2018**.

///

## V. CONCLUSION

For the reasons set forth above, the Court enters the following **ORDERS**:

1. Defendant's Motion to Compel [ECF No. 29] is **GRANTED**. Plaintiff is **ORDERED** to:

(a) Appear at her deposition on **January 26, 2018**, starting at **10:00 a.m.**, at the offices of Sims Law Firm, LLP, located at 19712 MacArthur Blvd., Suite 120, Irvine, CA 92612, or at some other date and time mutually agreed upon by the parties, but no later than **January 26, 2018**;

(b) produce all documents responsive to requests for production numbers nineteen and twenty by **January 19, 2018**;

(c) provide the addresses of Nadia Abdelghawad, Fatina Katila, Nihad Shawkey, Abeer Gaber, Laila Zamzam, Samia Abdel Al, and Salwa Abdel Al by **January 12, 2018**.

2. Defendant's request for monetary sanctions [ECF No. 29] is **GRANTED**. Plaintiff is **ORDERED** to pay Defendant $346.40 by **February 2, 2018**.

**Plaintiff is warned that failure to comply with any of this Court's orders or the Federal Rules of Civil Procedure may result in the imposition of sanctions, including monetary sanctions, evidentiary sanctions, and/or the dismissal or default of this action.**

**IT IS SO ORDERED.**

Dated: January 3, 2018

Hon. Ruben B. Brooks
United States Magistrate Judge